# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARRY M. DALE,

    Plaintiff,

    v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

CIVIL ACTION NO. 3:04-CV-1476

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 12), and Plaintiff's Objections to the Magistrate's Report and Recommendation (Doc. 13).  Magistrate Judge Blewitt recommended that the Court deny Plaintiff's appeal of the Commissioner's decision.  For the reasons set forth below, the Court will adopt the Report and Recommendation.  Accordingly, Plaintiff's appeal will be denied.

## STANDARD OF REVIEW

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.

*See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

To determine whether an individual is disabled for social security purposes, the Commissioner of Social Security ("Commissioner") employs a five-step analysis. The Commissioner must sequentially determine: (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe physical or mental impairment; (3) whether the applicant's impairment meets or exceeds a listed impairment; (4) whether the applicant's residual functional capacity permits the applicant to perform past relevant work; and (5) whether the applicant's residual functional capacity permits the applicant to perform other work. 20 C.F.R. § 416.920 (2004).

The Commissioner's factual findings must be deemed conclusive unless the reviewing court finds they are not supported by substantial evidence. *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Substantial evidence is "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence is less than a large or considerable amount of evidence; it only requires enough relevant evidence that a reasonable mind might accept it as adequate to support a conclusion. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999).

Evidence is not substantial if it is overwhelmed by other evidence. *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).

In the instant matter, Plaintiff objects to Magistrate Judge Blewitt's recommendation that the Court deny Plaintiff's appeal on sixteen (16) exceptions, all of which essentially boils down to the following: (1) Magistrate Judge Blewitt erred in affirming the Administrative Law Judge's ("ALJ") evaluation of Plaintiff's residual functional capacity (Exceptions #1, 3 -10); (2) Magistrate Judge Blewitt erred in affirming the ALJ's evaluation of Plaintiff's subjective complaints (Exceptions #2, 11-13); and (3) Magistrate Judge Blewitt erred in affirming the ALJ's determination that Plaintiff is capable of sustaining substantial gainful employment (Exceptions #14-16).  As a result, the Court will conduct a *de novo* review of the decisions of the ALJ relating to these issues only.

**1.      Residual Functional Capacity (Exceptions #1, 3-10)**

Plaintiff asserts that the ALJ improperly rejected treating physician Dr. John Manzella's opinion in determining  Plaintiff's residual functional capacity.  Plaintiff asserts that the ALJ stated the wrong dates of Dr. Manzella's evaluation, which the Plaintiff argues is the reason the ALJ directly compared it with Dr. Perlmutter's evaluations (Exception #1). Thus, Plaintiff argues that the ALJ, in comparing evaluations from different time periods, erroneously rejected Dr. Manzella's evaluation.  Plaintiff also asserts that his treating physician's opinion should have been entitled to controlling or at least great weight, and that Magistrate Judge Blewitt erred in failing to require the ALJ to provide substantial medical evidence to support his findings (Exceptions #3-10).  The Court disagrees.

As Magistrate Judge Blewitt noted, "[a] cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially

3

'when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). Despite this precedent, a treating physician's statement that a claimant is disabled is not binding on the Commissioner. Congress has determined that the Commissioner is solely responsible for deciding whether a claimant has met the Act's statutory definition of disability. 42 U.S.C. §405(b); *see* 20 C.F.R. § 405.1527(e)(1). An ALJ, however, may not reject the opinion of a treating physician, even if it is contradicted by opinions of other doctors, without providing specific and legitimate reasons supported by substantial evidence in the record. *Rollins v. Massanari*, 261 F.3d 853 (9th Cir. 2001).

In the present case, after review of the medical findings and other objective evidence in the record, the ALJ determined that the opinion of Dr. Manzillo was to be given little weight. (Doc. 5 at 16-17.) The ALJ specifically noted that Dr. Manzillo's opinion that Plaintiff was disabled and did not maintain any RFC to perform work was not persuasive as: (1) Dr. Manzillo's opinion are belied by the Plaintiff's own testimony; (2) the opinion on the ultimate issue of disability is reserved for the Commissioner; and (3) Dr. Fino's opinion, while conclusory, is not supported by the objective medical evidence of record. (*Id.*) The ALJ listed the reasons and evidence upon which he was making his determination: (1) Dr. Perlmutter found the Plaintiff is able perform work at a light exertional level; (2) Plaintiff's functional capacity evaluation showed results compatible with work at a heavy exertional level; (3) Plaintiff's testimony on his daily activities and (4) Plaintiff's testimony on his past work activities, where the ALJ notes that the termination was not medically related. (*Id.*)

It is clear that the ALJ gave proper deference to the opinion of Dr. Manzillo and weighed other evidences in ultimately deciding that Plaintiff retains the residual functional

4

capacity to perform a reduced range of sedentary work activity. (*Id.* at 18.)  The ALJ did not determine the weight of Dr. Manzillo's evaluations based on their dates, but rather, the ALJ's determination that Dr. Manzillo's opinion should be given little weight is supported by substantial evidence in the record.  Therefore, with regard to this issue, Plaintiff's objection will be overruled and Magistrate Judge Blewitt's report adopted.

**2.      Credibility Of Plaintiff's Testimony (Exceptions #2, 11-13)**

Plaintiff asserts that Magistrate Judge Blewitt erred in allowing the ALJ to reject the testimony of Plaintiff as not entirely credible or substantiated by evidence (Exceptions #11-13).  Plaintiff also asserts that the Plaintiff's credibility was erroneously rejected based on his testimony that he was collecting unemployment rather than worker's compensation (Exception #2).  The Court disagrees.

As Magistrate Judge Blewitt details, the Social Security Regulations provide a framework under which a claimant's subjective complaints are to be considered.  20 C.F.R. § 404.1529.  Further, "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility."  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997); *see also Casias v. Sec'y of Health and Human Services*, 933 F.2d 799, 801 (10th Cir. 1991) ("We defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility");  *Frazier v. Apfel*, No. 99-715, 2000 U.S. Dist. LEXIS 3105 (E.D. Pa. March 7, 2000).

In the present case, the ALJ found Plaintiff's testimony to be "not completely credible or consistent with the record as a whole."  (Doc. 5 at 17.)  Specifically, the ALJ determined

that:

> The claimant's compliance with his doctor's admonitions to abstain from alcohol is a problem noted throughout the record. It is a primary cause of his neuropathy (Exhibit 29F, page 2). It is reasonable to assume that if the claimant suffered the degree of pain alleged, he would follow his doctor's instructions in an attempt to alleviate this pain. He told the undersigned Administrative Law Judge that he stopped lifting weights after a couple of weeks, but records in Exhibit 30F indicate that he lifted weights for three months. The claimant is able to care for his personal needs. He stooped [sic] working because he was laid off (not because of an impairment) and reported himself unable to work to draw unemployment benefits. He did not state that he stopped working because of his medical condition. Additionally, the functional capacity evaluation at Exhibit 19F showed that the claimant is able to perform work at the heavy exertional level with limits on floor to knuckle lifting.

(*Id.*) While the Court acknowledges that the ALJ erroneously concluded that the Plaintiff collected unemployment benefits, the Court disagrees that this weighed heavily on the ALJ's determination of Plaintiff's credibility, and ultimately on the determination of whether Plaintiff is capable of performing less exertional work than his previous employment. (Doc. 12 at 15.) Judge Blewitt correctly determined that the ALJ relied on substantial evidence in finding the testimony of the Plaintiff to be not entirely reliable given the objective findings by the ALJ. (*Id.* at 25.) Therefore, Plaintiff's objection will be overruled and the Court will adopt Magistrate Judge Blewitt's report and recommendation.

3.   **Substantial Gainful Employment (Exceptions #14-16)**

Plaintiff asserts that the ALJ did not meet his burden on the final step of the five step analysis as he erroneously determined that Plaintiff could engage in substantial gainful activity and did not show that there exists, work in the national economy, that the Plaintiff

could engage in (Exceptions #14-16).  The Court disagrees.

The ALJ considered Plaintiff's impairment and found that the medical evidence indicates that the Plaintiff has "polyneuropathy and Hepatitis C" but the impairment was not of listing severity.  (Doc. 5 at 15.)  Ultimately, the ALJ, considering all the evidence, found that the Plaintiff "retains the following residual functional capacity: is able to lift and carry 10 pounds frequently and 20 pounds occasionally; has no sitting restrictions; and is able to stand and walk for 6 out of 8 hours."  (*Id.* at 18.)  Thus, the ALJ concluded that the Plaintiff has the "residual functional capacity for work at the light exertional level."  (*Id.*)

The ALJ, recognized that Plaintiff has met his burden of showing that he cannot return to his past relevant work since construction glazier was a job in the heavy exertional level.  (*Id.*)  Hence, the ALJ sought to find out whether "there are other jobs existing in significant numbers in the national economy that the claimant can perform, consistent with his residual capacity, age, education and work experience." (*Id.*)  The ALJ gave full consideration to these factors when he consulted the Medical-Vocational Guidelines.

The ALJ, in the final step of the five step analysis, need only find that the Plaintiff, "based on [his] age, experience, and education, can perform any other available work in the economy."  *Burnett v. Comm'r of Soc. Sec. Admin.,* 220 F.3d 112, 126 (3d Cir. 2000). Plaintiff contends that the ALJ did not meet his burden because he had failed to elicit evidence from the vocational expert ("VE").  The ALJ, however, used the Medical-Vocational Guideline to determine whether there are suitable jobs in the national economy for employees with Plaintiff's exertional impairments.  The Court finds no error here.

As of 1978, commissioners are not required to use VEs in the final step of the

7

analysis in cases such as the Plaintiff.  *Cartagena v. Comm'r of Soc. Sec.,* No. 01-2812, 2002 U.S. App. LEXIS 3354, at *4 (3d Cir. Feb.7, 2002).  As such, "when the claimant suffers only from exertional impairments, a determination of disability is possible by applying the grids without reference to additional evidence."  (*Id.* at *6.) (citing *Sykes v. Apfel,* 228 F. 3d 259, 269 (3d Cir. 2000).)  As Magistrate Judge Blewitt points out, the Plaintiff  "is found to suffer only from severe exertional impairments".  (Doc. 12 at 26) (citing Doc. 5 at 15.)

Magistrate Judge Blewitt correctly determined that, "substantial evidence supported the ALJ's finding that the Plaintiff did not have severe non-exertional restrictions which limited his ability to perform a full range of light work."  (Doc. 12 at 27)  Furthermore, the Court agrees with Magistrate Judge Blewitt that "[s]ubstantial evidence also supported the ALJ's reliance on the grids. . . [and] the ALJ was not required to call the vocational expert."  (*Id.*)  Plaintiff's residual functional capacity in conjunction with his ability to perform substantial gainful activity were properly considered, and as such, Plaintiff's objection will be overruled.

## CONCLUSION

After consideration of the Report and Recommendation, the Court will adopt the Report and Recommendation.  Therefore, Plaintiff's appeal of the Commissioner's decision will be denied.

An appropriate Order follows.


 December 30, 2005                                 /s/ A. Richard Caputo
Date                                                           A. Richard Caputo
                                                                    United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY M. DALE, | |
| Plaintiff, | NO. 3:04-CV-1476 |
| v. | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | (JUDGE CAPUTO) |
| Defendant. | |

## **ORDER**

**NOW**, this 30th day of December, 2005, upon review of Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 12) for clear error or manifest injustice,

**IT IS HEREBY ORDERED** that:

(1) Plaintiff's Objections to Magistrate's Report and Recommendation (Doc. 13) are **OVERRULED**.

(2) The Report and Recommendation (Doc. 12) is **ADOPTED**.

(3) Plaintiff's appeal of Commissioner's decision is **DENIED**.

(4) The Clerk of the Court shall mark this case **CLOSED**.


    /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge